UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY LOWERY, | ) | Case No. 4:20-cv-02440 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | William H. Baughman |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION AND ORDER

Petitioner Johnny Lowery filed a petition for a writ of habeas corpus requesting the Court to order the Federal Bureau of Prisons to expunge his prison disciplinary record and credit him with 82 days of good conduct time.  (ECF No. 1, PageID #9.) Respondent moved to dismiss for lack of jurisdiction, arguing that Petitioner's disciplinary record was expunged after the filing of the petition and that all days of good time credit were restored to Petitioner.  (ECF No. 3, PageID #18.)  Therefore, according to Respondent, the Court lacks subject matter jurisdiction over the petition because it is moot.  (*Id.*)  Petitioner did not respond to Respondent's motion.  For the following reasons, the Court **GRANTS** Respondent's motion and **DISMISSES** the petition **WITH PREJUDICE**.

## FACTUAL AND PROCCEDURAL BACKGROUND

Petitioner is currently an inmate at the Federal Correctional Institution in Lisbon, Ohio ("FCI Elkton").  (ECF No. 1, PageID #1.)  In 2016, Mr. Lowery was convicted of possession with intent to distribute oxycodone and conspiracy to commit

1

money laundering.  (ECF No. 3, PageID #17.)  He was sentenced to 109 months in prison.  (*Id.*)

Through the prison mail system, Mr. Lowery submitted a petition for a writ of habeas corpus on October 23, 2020.  (ECF No. 1, PageID #10.)  Mr. Lowery averred that he was appealing the result of a disciplinary proceeding.  (*Id.*, PageID #3.)  According to Mr. Lowery, he was wrongly deprived of 82 days of credit for good conduct.  (*Id.*)  Mr. Lowery also indicated that the disciplinary decision was issued in August 2018.  (*Id.*)  Further, Mr. Lowery represented that he did not appeal the decision, file a grievance, or seek any available administrative remedies because he was never provided a copy of the disciplinary hearing report and was told that there was no disciplinary hearing report for his particular matter.  (*Id.*, PageID #3–4.)  Without such a report, he claims he lost credit for good conduct arbitrarily and that he was not allowed to appeal the decision through an administrative process.  (*Id.*, PageID #8.)  For these reasons, Mr. Lowery requested habeas relief in the form of an order that his relevant disciplinary record be expunged and the 82 days of good conduct time be reinstated.  (*Id.*, PageID #9.)

On February 25, 2021, the Court issued an order stating that it could not determine from the face of the petition that Petitioner is not entitled to habeas relief. (ECF No. 2, PageID #15.)  Also, the Court ordered Respondent to answer the complaint.  (*Id.*)  Respondent did so on May 29, 2021.  (ECF No. 3.)  In its answer, Respondent moves to dismiss the case with prejudice, arguing that the issue is moot. (*Id.*, PageID #20.)  According to Respondent, FCI Elkton reviewed the issue and, on

March 3, 2021, expunged the disciplinary action from Mr. Lowery's record and reinstated his 82 days of good conduct time credit. (*Id.*, PageID #18.)  For this reason, Respondent argues that there is no live case or controversy here.  (*Id.*, PageID #19.)

## ANALYSIS

The Court can only adjudicate actual, ongoing cases or controversies.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)).  "The parties must continue to have a 'personal stake in the outcome' of the lawsuit," and "it is not enough that a dispute was very much alive when suit was filed."  *Id.* at 477–78 (citations omitted).  Therefore, a case is moot when "events occur during the pendency of a litigation which render the court unable to grant the requested relief."  *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986).  Where the requested relief is no longer forthcoming through litigation, the Court is unable to grant it.  *Id.*  Mootness implicates jurisdiction under Article III of the United States Constitution, so the Court lacks jurisdiction where the case before it is moot.  *Id.* at 1289 n.5.

To determine whether Petitioner's claim is moot, the Court must determine whether events have occurred that render the Court unable to grant the relief Petitioner requested.  According to Respondent, FCI Elkton reviewed Mr. Lowery's disputed disciplinary matter on March 3, 2021, expunging his record and reinstating his good conduct time credit.  (ECF No. 3, PageID #18.)  Because Petitioner's sole ground for relief seeks the expungement of his disciplinary record and the restoration of his good time credit, the Court is unable to grant Mr. Lowery's request because Petitioner already has everything requested in his petition.  (ECF No. 1, PageID #9.)

Without any further requests for relief, Petitioner's petition is moot, and the Court

lacks subject matter jurisdiction.  Therefore, the Court **GRANTS** Respondent's

motion (ECF No. 3) and **DISMISSES** the Petition **WITH PREJUDICE**.

      **SO ORDERED.**

Dated:  July 29, 2021

                J. Philip Calabrese
                United States District Judge
                Northern District of Ohio